**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee for the Benefit of the Certificateholders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2019-MFP, Commercial Mortgage Pass-Through Certificates, Series 2019-MFP, by and through Situs Holdings, LLC, as Special Servicer under the Trust and Servicing Agreement, dated as of July 18, 2019,<br><br>*Plaintiff,*<br><br>v.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, MEYER CHETRIT, SHADOW CREEK OWNER, LLC, and 3100 DANIEL MCCALL DRIVE, LLC,<br><br>*Defendants.* | Case No. 1:25-cv-01943 (DEH)<br><br>**[PROPOSED]**<br>**STIPULATED PROTECTIVE ORDER** |

The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing this action, and the parties having stipulated to the following provisions, it is hereby ORDERED that any person subject to this Order—including without limitation the parties to this action, their attorneys, representatives, agents, experts, and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms, upon pain of contempt:

**Discovery Materials May Be Designated As Confidential**

1. Any person subject to this Order who receives from any other person any "<u>Discovery Material</u>" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "<u>Confidential</u>" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

1

2. The person producing Discovery Material may designate as "Confidential" any document or other material that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by any applicable law or would likely, in the good-faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others.

3. With respect to confidential Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such material as "Confidential" by stamping or otherwise clearly marking as "Confidential" the Discovery Material in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" either on the record during the deposition or in writing within 30 calendar days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall bear a legend identifying the material designated "Confidential."

4. If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as "Confidential," the producing person may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as "Confidential" under the terms of this Order. In addition, the producing person shall provide each party with a replacement version of such Discovery Material that bears the "Confidential" designation within two (2) business days of providing such notice.

**Who May Receive Confidential Materials**

5. No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

a. the parties to this action;

b. principals and employees of Situs Holdings, LLC, in its capacity as special servicer of J.P. Morgan Chase Commercial Mortgage Securities Trust 2019-MFP, Commercial Mortgage Pass-Through Certificates, Series 2019-MFP under the Trust and Servicing Agreement dated as of July 18, 2019;

c. principals and employees of the Chetrit Group;

d. counsel retained specifically for this action and in-house counsel, including any paralegal, clerical, or other assistant employed or contracted by such counsel or in-house counsel and assigned specifically to work on this action;

e. as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy or referenced in the document, as well as such persons' supervisor(s) at or after the time the document was created;

f. any witness who counsel for a party believes in good faith may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

g. any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

h. any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

i. stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

j.  independent photocopying, graphic production services, or other litigation support or document management services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

k.  the parties' insurers and insurers' counsel participating in matters relating to the action and their legal, clerical, or support staff, including temporary or contract staff;

l.  the Court and its staff and any appellate court and its staff; and

m.  any other person whom the producing person or other person designating the Discovery Material as "<u>Confidential</u>" agrees in writing may have access to such Confidential Discovery Material.

6. Prior to disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(f)-(h) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel upon request.

**Filing Confidential Materials In This Action**

7. The parties shall promptly raise objections to any designation of confidentiality, and shall make reasonable efforts to raise any such objection no later than 14 calendar days prior to the trial of this action, by serving upon the designating person and all other parties a written notice stating the grounds of the objection or request. If agreement cannot be reached promptly, and in any case within five (5) business days (which time period may be extended by mutual agreement of the objecting party and the designating person without leave of Court), counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling. For the avoidance of doubt, the

Court may, in its discretion, consider objections to any designation of confidentiality raised at any time.

8. Notwithstanding the designation of material as "Confidential" in discovery, there is no presumption that such Confidential Discovery Material will be filed with the Court under seal. The parties shall follow the individual practices of the Magistrate Judge or District Judge to whom they direct pretrial requests for filing under seal.

9. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment of any Discovery Material introduced in evidence at trial, even if such material was previously designated as "Confidential" or sealed during pretrial proceedings.

10. The recipient of any Discovery Material, including Confidential Discovery Material, shall maintain such material in a secure and safe area and shall exercise a standard of due and proper care with respect to the storage, custody, use, and/or dissemination sufficient to safeguard against unauthorized or inadvertent disclosure of Confidential Discovery Material. Discovery Material may be copied, reproduced, extracted or abstracted only to the extent that such copying, reproduction, extraction or abstraction is performed in connection with and during the pendency of this action. All such copies, reproductions, extractions, and abstractions shall be subject to the terms of this Stipulated Protective Order. A receiving person may not submit any data received in discovery to any public generative artificial intelligence tools, large language models, or similar applications without first obtaining written permission from the producing person.

11. Nothing in this Order will prevent any receiving person from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such receiving person gives written notice, including a copy of the

subpoena or request, to the designating person as soon as reasonably possible, and, if permitted by the time allowed under the request, at least ten (10) business days before any disclosure. Upon receiving such notice, the designating person will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so. The person to whom the subpoena or request is directed also must, as soon as practicable, inform in writing the requesting party that some or all of the material covered by the subpoena or request is the subject of this Stipulated Protective Order and deliver a copy of this Stipulated Protective Order promptly to the requesting party.

**Inadvertent Disclosure Of Privileged Materials**

12. Pursuant to Federal Rule of Evidence 502, if, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of protection under attorney-client privilege, attorney work product, or any other government privilege or other prohibition, including Confidential Supervisory Information[1] or Suspicious Activity Reports[2] (to the extent such withholding is permitted or required by applicable law), a producing person inadvertently discloses information subject to a claim of such privilege or protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or

---

[1] "Confidential Supervisory Information" includes, but is not limited to, confidential supervisory information of the Board of Governors of the Federal Reserve System as set forth in 12 C.F.R. § 261.2(c), non-public information of the Office of the Comptroller of the Currency or the former Office of Thrift Supervision as set forth in 12 C.F.R. § 4.32(b), exempt information of the Federal Deposit Insurance Corporation as set forth in 12 C.F.R. §§ 309.2, 309.5, and 309.6, and confidential information of the Consumer Financial Protection Board as set forth in 12 C.F.R. § 1070.2, and any other records concerning supervision, regulation, and examination of banks, savings associations, their holding companies and affiliates, and records compiled in connection with the enforcement responsibilities of federal and state financial regulatory agencies that is not permitted to be disclosed to a third party absent consent of the applicable regulator or government agency. Confidential Supervisory Information also includes information that current and former employees, officers, and agents of federal financial regulatory agencies obtained in their official capacities. Confidential Supervisory Information shall be deemed to include all copies, abstracts, excerpts, analyses, or other writings or documents that contain, reflect, or disclose Confidential Supervisory Information.

[2] "Suspicious Activity Reports" includes suspicious activity reports that, pursuant to 31 U.S.C. 5318(g)(2)(A)(1), 31 C.F.R. § 1020.320, 12 C.F.R § 21.11, Section 314(a) or (b) of the PATRIOT ACT, 12 U.S.C. §§ 3414(a)(3) and (c) or any other applicable regulations concerning potential suspicious activity, are not permitted to be produced.

be deemed a waiver or forfeiture of any claim of privilege or protection with respect to the Inadvertently Disclosed Information or its subject matter.

13. If a producing person makes a claim of inadvertent disclosure under Federal Rule of Civil Procedure 26(b)(5)(B) and/or Federal Rule of Evidence 502(b) or (d), all receiving parties shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed. In the event the receiving party provides written notice of its intent to challenge the assertion of any privilege, protection, or other prohibition on disclosure, one copy of the Inadvertently Disclosed Information may be retained for the sole purpose of challenging the assertion of privilege, protection, or other prohibition on disclosure. As part of its certification, any receiving party must indicate whether it is retaining such copy for such purpose.

14. In the event of a claim of inadvertent disclosure, the parties shall meet and confer, within five (5) business days of the producing person making the claim, to discuss the form, scope, and timing of any privilege log, the disclosing person produces with respect to the Inadvertently Disclosed Information. The parties may extend the deadline for the meet and confer by mutual agreement without leave of the Court. Should the parties not reach agreement after meeting and conferring in good faith, the receiving party may move the Court for resolution.

15. If a receiving party thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera review* of the Inadvertently Disclosed Information. If a receiving party does not move the Court for such an

order, or the Court holds that the Inadvertently Disclosed Information is subject to a privilege or protection, the receiving party must return or destroy the copy retained for such purpose and provide a certification of counsel that all such information has been returned or destroyed.

16. Nothing contained in this Stipulated Protective Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by another party.

17. In the event that additional persons or entities become parties to the action, such parties shall not have access to Confidential Material produced by or obtained from any disclosing person until the newly joined parties or their counsel endorse a copy of the Stipulated Protective Order and file it with the Court.

**Termination Of The Litigation**

18. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, Confidential Discovery Material, and all copies thereof, shall be promptly returned to the producing person or, upon permission of the producing person, destroyed.

19. During the pendency of this case only, the Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED.**

| For Plaintiff: | For Defendants: |
|---|---|
| */s/ Blair A. Adams* | */s/ Robert A. Sacks* |
| Blair A. Adams<br>Evan Hess<br>Mary Trainor<br>QUINN EMANUEL URQUHART<br>   & SULLIVAN, L.P.<br>295 Fifth Avenue<br>New York, New York 10016<br>(212) 849-7000<br>blairadams@quinnemanuel.com<br>evanhess@quinnemanuel.com<br>marytrainor@quinnemanuel.com<br><br>*Counsel for Plaintiff* | Robert A. Sacks<br>Jonathan S. Carter<br>Gulliver Brady<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, New York 10004<br>Tel: (212) 558-4000<br>sacksr@sullcrom.com<br>carterjo@sullcrom.com<br>bradyg@sullcrom.com<br><br>*Counsel for Defendant JPMorgan Chase Bank, N.A.*<br><br>*/s/ Bruce S. Kaplan*<br><br>Bruce S. Kaplan<br>Elizabeth K. Bierut<br>Jason B. Koffler<br>FRIEDMAN KAPLAN<br>   SEILER ADELMAN & ROBBINS LLP<br>7 Times Square<br>New York, NY 10036-6516<br>(212) 833-1100<br>bkaplan@fklaw.com<br>ebierut@fklaw.com<br>jkoffler@fklaw.com<br><br>Ilevu Yakubov<br>Wayne M. Greenwald<br>Robert M. Sasloff<br>Aaron R. Slavutin<br>JACOBS, P.C.<br>717 Fifth Avenue, 17th Floor<br>New York, NY 10022<br>(212) 229-0476<br>leo@jacobspc.com<br>wayne@jacobspc.com |

robert@jacobspc.com
aaron@jacobspc.com

*Counsel for Defendants Meyer Chetrit, Shadow Creek Owner, LLC, and 3100 Daniel McCall Drive, LLC*

Dated:   June 26, 2025

SO ORDERED.

**Dale E. Ho**
**United States District Judge**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee for the Benefit of the Certificateholders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2019-MFP, Commercial Mortgage Pass-Through Certificates, Series 2019-MFP, by and through Situs Holdings, LLC, as Special Servicer under the Trust and Servicing Agreement, dated as of July 18, 2019,<br><br>*Plaintiff*,<br><br>v.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, MEYER CHETRIT, SHADOW CREEK OWNER, LLC, and 3100 DANIEL MCCALL DRIVE, LLC,<br><br>*Defendants*. | Case No. 1:25-cv-01943 (DEH)<br><br>**NON-DISCLOSURE AGREEMENT** |

I, _____ [print name], acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of Discovery Material that has been designated as Confidential.  I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it or destroy it within 30 business days.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____

_____
**Print Name:**