UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee for the Benefit of the Certificateholders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2019-MFP, Commercial Mortgage Pass-Through Certificates, Series 2019-MFP, by and through Situs Holdings, LLC, as Special Servicer under the Trust and Servicing Agreement, dated as of July 18, 2019,<br><br>*Plaintiff*,<br><br>v.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, MEYER CHETRIT, SHADOW CREEK OWNER, LLC, and 3100 DANIEL MCCALL DRIVE, LLC,<br><br>*Defendants*. | Case No. 25-cv-01943-DEH |

**STIPULATION GOVERNING ATTORNEYS' EYES ONLY DESIGNATION FOR NON-PARTY DEUTSCHE BANK SECURITIES INC.'S POLICIES AND PROCEDURES**

WHEREAS, the Court entered a Stipulated Protective Order on June 26, 2025 (ECF No. 48), establishing a "Confidential" designation tier for Discovery Material whose disclosure would likely harm the producing party's business, commercial, financial, or personal interests;

WHEREAS, Deutsche Bank Securities Inc. ("Deutsche Bank"), a non-party that holds documents responsive to discovery requests, has indicated that certain responsive documents containing its lending policies, procedures, risk assessments, and decision-making methodologies ("Policy And Procedure Documents") include competitively sensitive and proprietary business information, disclosure of which would create a substantial risk of economic injury that cannot be avoided by less restrictive means;

1

WHEREAS, to address Deutsche Bank's concerns, the parties have agreed to an "Attorneys' Eyes Only" ("AEO") designation to permit Deutsche Bank's production of sensitive materials under heightened confidentiality protections; and

WHEREAS, the parties wish to implement this AEO designation through this stipulated supplemental protective order ("Supplemental AEO Protective Order");

**IT IS HEREBY STIPULATED AND AGREED**, by the Parties through their undersigned counsel, subject to the Court's approval, as follows:

**I.    DEFINITION AND SCOPE OF AEO DESIGNATION**

1. Materials designated "Attorneys' Eyes Only" shall mean documents and testimony, and all information contained therein, and other information designated as highly confidential, if in the good faith judgment of the producing party, such documents or testimony is of such a nature that disclosure would create a substantial risk of economic injury to the producing party that cannot be avoided by less restrictive means, such as competitively sensitive agreements with third parties.

**II.    PERMITTED RECIPIENTS OF AEO MATERIALS**

2. Except with the prior written consent of the producing party or by Court order, AEO documents shall not be furnished, shown, disclosed, or provided access to any person or entity except:

   a) litigation counsel for the parties to this action and their associated attorneys and paralegals who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

   b) expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with

   respect to the subject matter of this action at the trial of this action or other proceeding herein;

c) the Court and Court personnel;

d) an officer before whom a deposition is taken, including stenographic reporters and necessary secretarial, clerical, or other personnel of such officer;

e) trial witnesses, if furnished, shown, or disclosed in accordance with paragraph [7] below; and

f) any other person or entity agreed to in writing by the producing party.

  3. Notwithstanding anything in the Protective Order or this designation, no person or entity shall disclose, discuss, reference, or provide access to AEO materials to any party subsequently joined in this action unless and until such party's counsel has executed a countersignature to this Stipulation and filed it with the Court.

## III. PROCEDURES FOR EXPERT WITNESS AND CONSULTANT ACCESS

  4. Before any disclosure of AEO documents is made to an expert witness or consultant, counsel for the receiving party making such disclosure shall provide to the expert witness or consultant a copy of this Supplemental AEO Protective Order and request the expert's or consultant's written agreement, in the form of Exhibit 1 attached, to comply with and be bound by its terms.

  5. Counsel for the receiving party obtaining the certificate shall supply a copy to counsel for the other parties at the time designated for expert disclosure.

## IV. PUBLIC FILING OF AEO MATERIAL

  6. Should the need arise for any party to include AEO documents in a public filing, or any portion thereof (including quotes, excerpts, or paraphrasing of any document designated AEO), the filing party shall follow the "Individual Rules and Practices in Civil Cases" of Dale E.

Ho, United States District Judge, dated February 25, 2025, and "redact from their public filings" any and all material designated AEO, as it constitutes "proprietary" business information.

## V.     TRIAL AND HEARING ACCESS

7. Should the need arise for any party or, as appropriate, non-party, to disclose AEO documents during any hearing or trial before the Court, including through argument or the presentation of evidence, that party or non-party, may do so only after taking such steps, if any, that the Court, following a motion by the producing party, shall deem necessary to preserve the confidentiality of such AEO documents.

## VI.     CUSTODY AND RETURN

8. Upon final termination of this litigation, all AEO documents, and all reproductions thereof, shall be returned to the producing party or destroyed at the receiving party's option. Notwithstanding the foregoing, counsel of record may retain one copy of AEO materials constituting work product. This provision shall not prohibit counsel from representing clients adverse to any party in other matters.

## VII.     SCOPE AND NON-WAIVER

9. The production or disclosure of AEO documents shall in no way constitute a waiver of any producing party's right to object to production or disclosure of other information. Nothing in this AEO designation shall operate as an admission by any party or non-party that any particular document is, or is not, subject to AEO designation. Failure to challenge an AEO designation shall not preclude a party from making a subsequent challenge should other documents be designated AEO in the future.

## VIII.     CONSISTENCY WITH PROTECTIVE ORDER

10. Except as modified by this Supplemental AEO Protective Order with respect to AEO-designated materials, all provisions of the Protective Order dated June 26, 2025

(ECF No. 48), including but not limited to provisions governing inadvertent disclosure of privileged materials, subpoena procedures, filing under seal, and other confidentiality protocols, shall apply with full force and effect, including for AEO-designated materials.

11.  In the event of any conflict between this Supplemental AEO Protective Order and the Protective Order, the more restrictive provision shall control.

IT IS SO STIPULATED.

*/s/ Blair Adams*
Blair A. Adams
Evan Hess
Mary Trainor

QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 Fifth Avenue
New York, NY 10016
(212) 849-7000
blairadams@quinnemanuel.com
evanhess@quinnemanuel.com
marytrainor@quinnemanuel.com

*Counsel for Plaintiff*

*/s/ Robert Sacks*
Robert A. Sacks
Jonathan S. Carter
Gulliver Brady

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
(212) 558-4000
sacksr@sullcrom.com
carterjo@sullcrom.com
bradyg@sullcrom.com
*Counsel for Defendant JP Morgan Chase Bank, N.A.*


*/s/ Joseph Kammerman*
Brett B. Theis
Christopher A. Gorman
Joseph J. Kammerman

ROSENBERG & ESTIS, P.C.
733 Third Avenue
New York, NY 10017
(212) 867-6000
btheis@rosenbergestis.com
cgorman@rosenbergestis.com
jkammerman@rosenbergestis.com

*Counsel for Defendants Meyer Chetrit, Shadow Creek Owner, LLC, and 3100 Daniel McCall Drive, LLC*

Dated:                                                    **SO ORDERED.**

                                                                         **Dale E. Ho**
                                                                         **United States District Judge**

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee for the Benefit of the Certificateholders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2019-MFP, Commercial Mortgage Pass-Through Certificates, Series 2019-MFP, by and through Situs Holdings, LLC, as Special Servicer under the Trust and Servicing Agreement, dated as of July 18, 2019,<br><br>*Plaintiff*,<br><br>v.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, MEYER CHETRIT, SHADOW CREEK OWNER, LLC, and 3100 DANIEL MCCALL DRIVE, LLC,<br><br>*Defendants*. | Case No. 25-cv-01943-DEH<br><br>**Non-Disclosure Agreement** |

I, _____ [print name], acknowledge that I have read and understand the Supplemental AEO Protective Order in this action governing the non-disclosure of Discovery Material that has been designated as for "Attorneys' Eyes Only." I agree that I will not disclose such Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it or destroy it within 30 business days. By acknowledging these obligations under the Supplemental AEO Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Supplemental AEO Protective Order could subject me to punishment for contempt of Court.

Dated: _____

_____
**Print Name**: