**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee for the Benefit of the Certificateholders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2019-MFP, Commercial Mortgage Pass-Through Certificates, Series 2019-MFP, by and through Situs Holdings, LLC, as Special Servicer under the Trust and Servicing Agreement, dated as of July 18, 2019, | 25 Civ. 1943 (DEH) |

                    Plaintiff,

                    v.

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION, MEYER CHETRIT,
SHADOW CREEK OWNER, LLC, and 3100
DANIEL MCCALL DRIVE, LLC,

                    Defendants.

**[PROPOSED] PRIVACY ACT ORDER AND PROTECTIVE ORDER REGARDING PLAINTIFF'S REQUESTS TO THE FEDERAL BUREAU OF INVESTIGATION AND DEPARTMENT OF JUSTICE**

WHEREAS, Plaintiff Wells Fargo Bank, National Association ("Plaintiff") brought the above-captioned action against JPMorgan Chase Bank, National Association, Meyer Chetrit, Shadow Creek Owner, LLC, and 3100 Daniel McCall Drive, LLC (collectively, "Defendants");

WHEREAS, Plaintiff has served the United States Attorney's Office for the Eastern District of Michigan with requests for documents from the United States Department of Justice ("DOJ") and its component, the Federal Bureau of Investigation ("FBI"), seeking documents in connection with the criminal investigation and prosecution of Tyler N. Ross ("the Requests");

WHEREAS, Plaintiff's Requests are governed by certain Department of Justice ("DOJ") regulations ("*Touhy* regulations") which, inter alia, prohibit any DOJ employee from disclosing the requested information "without prior approval of the proper Department official in accordance

with §§ 16.24 and 16.25 of this part." 28 C.F.R. § 16.22(a); *see also Touhy v. Ragen*, 340 U.S. 462 (1951); 28 C.F.R. § 16.21 *et seq.*;

WHEREAS, certain records Plaintiff seeks in connection with the Requests may contain information which may be protected by the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act");

WHEREAS, pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Privacy Act Order and Protective Order, for the purposes of facilitating the disclosure of information that otherwise would be prohibited from disclosure under the Privacy Act, and assuring the confidentiality of information that may be disclosed by DOJ or components thereof (the "Government") in response to the Requests. The Court, having found that good cause exists for entry of this Privacy Act Order and Protective Order, HEREBY ORDERS:

1.      Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes the Government to produce information that otherwise would be prohibited from disclosure under the Privacy Act without presenting Privacy Act objections to this Court for a decision regarding disclosure. To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information. Nothing in this paragraph, however, shall require production of information that is prohibited from disclosure (even with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities. The terms of this Order shall govern the safeguarding of such information by all individuals referenced herein.

2.      As used in this Order, the term "Protected Information" constitutes any and all documents or records, and information contained therein, that contain any confidential,

2

proprietary, personal, or similar information, including but not limited to privileged law enforcement information and information protected from disclosure by the Privacy Act.

3.    Information that the Government deems Protected Information shall be designated as such by stamping the phrase "Confidential - Subject to Protective Order" on any document or record containing Protected Information prior to the production of such document or record.

4.    Any party who contests the designation of a document or record as Protected Information shall provide the Government written notice of its challenge. If the parties cannot resolve this dispute, they shall follow the Federal Rules of Civil Procedure, the Local Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York, the individual practices of the Court, and/or any court orders for addressing discovery disputes. Failure to challenge a designation immediately shall not waive a party's ability to bring a later challenge.

5.    Except as provided in this Order, all Protected Information produced or exchanged pursuant to this Order shall be used solely for the purposes of this action and for no other purpose whatsoever, and shall not be published to the general public in any form, or otherwise disclosed, disseminated, or transmitted to any person, entity, or organization, except in accordance with the terms of this Order.

6.    Any document or record designated as Protected Information by the Government may be disclosed only to the following Qualified Persons:

i.    the parties to this action;

ii.    principals and employees of Situs Holdings, LLC, in its capacity as special servicer of J.P. Morgan Chase Commercial Mortgage Securities Trust 2019-MFP, Commercial Mortgage

Pass-Through Certificates, Series 2019-MFP under the Trust and Servicing Agreement dated as of July 18, 2019;

iii. principals and employees of the Chetrit Group;

iv. counsel retained specifically for this action and in-house counsel, including any paralegal, clerical, or other assistant employed or contracted by such counsel or in-house counsel and assigned specifically to work on this action;

v. as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy or referenced in the document, as well as such persons' supervisor(s) at or after the time the document was created;

vi. any witness who counsel for a party believes in good faith may be called to testify at trial or deposition in this action, provided such person has first executed a Non Disclosure Agreement in the form annexed hereto;

vii. any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

viii. any mediator or arbitrator that the parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

ix. stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

x. independent photocopying, graphic production services, or other litigation support or document management services employed by the parties or their counsel to assist in this action,

including computer service personnel performing duties in relation to a computerized litigation system;

xi.    the parties' insurers and insurers' counsel participating in matters relating to the action and their legal, clerical, or support staff, including temporary or contract staff;

xii.    the Court and its staff and any appellate court and its staff; and

xiii.    Such other persons as hereafter may be authorized by the Court upon motion of any party.

7.    A copy of this Order shall be delivered to each Qualified Person to whom a disclosure of Protected Information is made, at or before the time of disclosure, by the party making the disclosure or by its counsel. The provisions of this Order shall be binding upon each such person to whom disclosure is made.

8.    All Qualified Persons, including the parties and their respective counsel, to whom Protected Information is disclosed, are hereby prohibited from disclosing information designated as Protected Information to any unauthorized person, except as provided in this Order.

9.    If any party seeks to publicly file with the Court any Protected Information, or portions of pleadings, motions, or other papers that disclose such Protected Information, the Protected Information shall be filed under seal in accordance with the Court's local rules governing the filing of sealed documents and thereby be protected from public disclosure.

10.    Nothing in this Order shall preclude any disclosure of Protected Information to any judge, magistrate judge, or employee of the Court for purposes of this action.

11.    Nothing in this Order shall prejudice or alter the right of a party to properly offer and introduce Protected Information as evidence at trial, to use or refer to Protected Information in open court, or in written submissions to the Court, or on appeal. The parties shall confer with

the Government in good faith no later than 14 calendar days prior to trial in this action or other proceedings in open court involving Protected Information to determine a method to be used for preventing the disclosure of Protected Information to persons who are not Qualified Persons identified in paragraph 6.

12.    If counsel for any party is required by law or court order to disclose, disseminate, or transmit Protected Information produced under this Order to any person or entity not identified herein as a Qualified Person, the name of that person or entity and the reason access is required shall be provided to the Government no less than 14 days prior to disclosure, dissemination, or transmittal so as to provide the Government sufficient time to object and seek a protective order as necessary. There shall be no disclosure after an objection has been made until the objection has been resolved unless disclosure, dissemination, or transmission is required sooner by law or court order. If Protected Information produced under this Order is required by law or court order to be disclosed to a person or entity not identified herein as a Qualified Person, the person or entity receiving the Protected Information shall, before receiving the Protected Information, be provided with a copy of this Order and shall acknowledge their agreement to comply with this Order by signing a copy of the attached acknowledgement form. A copy of each such acknowledgement form must be provided promptly after its execution to counsel for the Government.

13.    Within thirty days after the final disposition of this action, including any and all appeals, all Protected Information and copies thereof in the possession of any Qualified Persons, other than counsel for the parties, shall be returned to the Government or destroyed. If the Protected Information is destroyed, the party that has destroyed the Protected Information shall certify in writing to the Government that the Protected Information in its possession has been destroyed.

14.     If the Government inadvertently fails to designate material as Protected Information at the time of production, this shall not in itself be deemed a waiver of any claim of confidentiality as to that Protected Information. The Government may correct its failure to designate an item as Protected Information by taking reasonable steps to notify all receiving persons of its failure, and by promptly supplying all receiving persons with new copies of any documents bearing corrected designations. Within five business days of receiving copies of any documents bearing corrected designations pursuant to this paragraph, the receiving persons shall return or destroy the improperly designated materials, and certify in writing to the Government that such materials have been returned or destroyed.

15.     This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable, and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information.

16.     Nothing in this Order shall be construed as a waiver of any defense, right, objection, or claim by any party or the Government, including any objection to the production of documents and any claim of privilege or other protection from disclosure.

17.     Nothing in this Order shall affect the right of the Government to seek additional protection against the disclosure of any documents or materials, or of the parties to seek additional disclosures.

18.     Nothing in this Order shall prevent the disclosure of Protected Information to governmental authorities for purposes of enforcement of criminal laws or in furtherance of civil enforcement or regulatory proceedings.

19.     Nothing in this Order shall prevent the Government from disclosing material it designates as Protected Information.

20.     For avoidance of doubt, the provisions of this Privacy Act and Protective Order supercede the provisions of the Stipulated Protective Order in this action, ECF No. 48, with respect to any material produced by the Government in response to the Requests.

SO STIPULATED AND AGREED TO BY:

Dated: April 30, 2026
          New York, New York

Dated: April 28, 2026
          New York, New York

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:  */s/ Blair A. Adams*
Blair A. Adams
Evan Hess
Mary Trainor
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
295 Fifth Avenue
New York, NY 10016-7103
(212) 849-7000
blairadams@quinnemanuel.com
evanhess@quinnemanuel.com
marytrainor@quinnemanuel.com

*Attorneys for Plaintiff*

By:  */s/ Mollie Kornreich*
MOLLIE KORNREICH
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York  10007
Tel.: (212) 637-3274
E-mail: mollie.kornreich@usdoj.gov

*Attorneys for the Government*

8

By:   */s/ Robert A. Sacks*

Robert A. Sacks
Jonathan S. Carter
Gulliver Brady
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000
sacksr@sullcrom.com
carterjo@sullcrom.com
bradyg@sullcrom.com

*Attorneys for Defendant*
  *JPMorgan Chase Bank, N.A.*

By:   */s/ Joseph J. Kammerman*

Brett B. Theis
Christopher A. Gorman
Joseph J. Kammerman
ROSENBERG & ESTIS, P.C.
733 Third Avenue
New York, NY 10017
(212) 867-6000
btheis@rosenbergestis.com
cgorman@rosenbergestis.com
jkammerman@rosenbergestis.com

*Attorneys for Defendant Meyer Chetrit*

SO ORDERED:

_____

HON. DALE E. HO
United States District Judge

Dated: May __, 2026
       New York, New York

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee for the Benefit of the Certificateholders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2019-MFP, Commercial Mortgage Pass-Through Certificates, Series 2019-MFP, by and through Situs Holdings, LLC, as Special Servicer under the Trust and Servicing Agreement, dated as of July 18, 2019,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, MEYER CHETRIT, SHADOW CREEK OWNER, LLC, and 3100 DANIEL MCCALL DRIVE, LLC,<br><br>Defendants. | 25 Civ. 1943 (DEH) |

## ACKNOWLEDGEMENT

I have read and I understand the Privacy Act Order and Protective Order entered by the Court in the case *Wells Fargo Bank, National Association v. JPMorgan Chase Bank, National Association, et al.*, No. 25 Civ. 1943 (DEH), and I agree to be bound by its terms.

Date:        _____

Name (printed):        _____

Signature:        _____

10