**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee for the Benefit of the Certificateholders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2019-MFP, Commercial Mortgage Pass-Through Certificates, Series 2019-MFP, by and through Situs Holdings, LLC, as Special Servicer under the Trust and Servicing Agreement, dated as of July 18, 2019, | |
| *Plaintiff,* | Case No. 25-cv-01943-DEH |
| v. | |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, MEYER CHETRIT, SHADOW CREEK OWNER, LLC, and 3100 DANIEL MCCALL DRIVE, LLC, | |
| *Defendants.* | |

## STIPULATION AND ORDER REGARDING EXPERT DISCOVERY

The undersigned Parties agree to this Stipulation and Proposed Order ("Stipulation") regarding the timing and scope of any Expert discovery in this matter for all purposes, including as it relates to the Parties' disclosures and discovery pursuant to Federal Rule of Civil Procedure 26. This Stipulation does not set or alter the time for any disclosure required by Federal Rule of Civil Procedure 26 or the timing of any disclosure and deposition of any Expert as set forth in ECF No. 84 or any scheduling order that is subsequently entered and then applicable. To the extent that this Stipulation imposes limitations on discovery beyond those of the Federal Rules of Civil Procedure, the Parties have agreed to such limitations. Except as provided otherwise in this Stipulation, Expert discovery shall be governed by the Federal Rules of Civil Procedure and any other applicable rule.[*]

---

[*]  Capitalized terms not defined in this preamble are defined in Paragraph 1 *infra*.

1.  **Definitions.**  For purposes of this Stipulation, the following definitions apply:

  a.  "Communication" means any oral, typed, written, verbal, or non-verbal communications of any kind, in any format.

  b.  "Counsel" includes both outside and in-house counsel, as well as their support staff, acting in a legal capacity for a Party.

  c.  "Document" has the broadest meaning ascribed to it by Federal Rule of Civil Procedure 34(a).

  d.  "Expert" refers to any witness who is proffered by a Party as an expert witness under Federal Rule of Evidence 702.  For avoidance of doubt, the term "Expert" does not include retained non-testifying experts or retained non-testifying consultants.

  e.  "Party" or "Parties" means any party to this case.

2.  **Expert Disclosures.**  Any Expert who provides a written expert report, affidavit, or declaration must include in their report, affidavit, or declaration:

  a.  A complete statement of all opinions the Expert will express and the basis and the reasons for them;

  b.  The facts, data, or other information upon which the Expert relied in forming their opinions

  c.  Any exhibits that will be used to summarize or support the opinion(s);

  d.  The Expert's qualifications, including a list of all publications authored by the Expert in the previous 10 years and, upon reasonable request, copies of any such publications (or the relevant portions authored by the Expert), to the extent they are not readily publicly available;

e.      A list of all other cases in which, in the previous 4 years, the Expert testified at trial or by deposition, including the court, case name, and case number; and

f.      A statement of the Expert's hourly rate and compensation in the Action.

Within three (3) business days of any Party serving any Expert report, affidavit, or declaration, the Party or Parties proffering the Expert shall electronically produce the following Documents and information:

i.      A list by Bates number of any and all Documents relied upon by the Expert to the extent the Documents previously were produced as part of discovery in this case, including the Bates numbers of any underlying data;

ii.      Copies of any and all materials, including Documents, relied upon by the Expert that were not previously produced and are not readily available publicly (for the avoidance of doubt, Documents that are available only for a fee or via subscription are not readily available publicly);

iii.      A list of materials, including Documents, relied upon by the Expert that are readily available publicly and which have not previously been produced, _provided_ that copies of such listed materials need only be produced upon reasonable request; and

iv.      For all calculations referenced in the final report(s), all underlying data, programs, spreadsheets, computerized regression analyses, and other underlying reports and schedules sufficient to reconstruct the Expert's work, calculations, and analyses, including all proprietary programs and codes necessary to replicate the calculations from the initial ("raw") data

files, and the intermediate working data files that are generated from the raw data files and used in performing the calculations referenced in the final report(s) ("Backup Materials"). The production of Backup Materials includes all final data—whether previously produced as part of the discovery in this case or derived from such discovery—used by the Expert, his or her computer code, or both, to generate the empirical results.

The above-referenced Documents and information shall be produced electronically where appropriate, including but not limited to where production in non-electronic form would result in any loss of data or other information relied on or a significant reduction in accessibility.  For avoidance of doubt, the disclosure requirement above does not apply to any demonstratives that a party may create for future court hearings or trial. The use and disclosure of expert demonstratives at trial will be governed by separate stipulation or order.

3.     **Non-Discoverable Information.**   The Parties agree that Documents and information upon which the Expert did not rely in forming the opinion(s) in the expert report, affidavit, or declaration, shall not be the subject of discovery, subject to Paragraph 6 of this Stipulation regarding depositions.  This includes any of the following information, provided the Expert did not rely on it in forming the opinion(s) in the expert report, affidavit, or declaration:

a.     Communications between or among any of the following:

i.     Counsel for a Party;

ii.     A Party's Experts;

iii.     A Party's non-testifying consultants;

iv.     A Party that holds a common-interest privilege or joint-defense privilege with the Party offering the testimony of an Expert; and/or

v.      The staff, employees, consultants, or contractors of any of the foregoing.

b.      Drafts of any expert report, affidavit, or declaration, including any draft exhibits;

c.      Summaries, notes, drafts, or other types of preliminary or intermediate work materials created by, or for, an Expert, or their staff, employees, consultants, or contractors working at their direction, except for notes of interviews of persons the Expert or their staff, employees, consultants, or contractors participated in or conducted and where the Expert relied on the notes in forming his or her opinion(s); and

d.      Data formulations, data runs, data analyses, or any database-related operations except for the intermediate working data files covered by Backup Materials under 2(g).

For avoidance of doubt, materials that are considered but not relied upon by an Expert shall not be discoverable notwithstanding any language to the contrary in Fed. R. Civ. P. 26(a)(2)(B)(ii) and 26(b)(4)(C)(ii), subject to Paragraph 6 of this Stipulation.

4.      **Privilege Log.**  The Parties do not need to include any information excluded from discovery under Paragraph 3 of this Stipulation on any privilege log.

5.      **Voluntary Production.**  Subpoenas (for depositions or Documents) do not need to be served on any Expert.  Instead, the Party proffering an Expert will (a) be responsible for producing all materials and information subject to discovery, and (b) make the Expert available for deposition at a time mutually agreed to by the Parties and consistent with the Court's scheduling orders.

6. **Depositions.**  This Stipulation does not preclude questions at deposition related to an expert witness's compensation, the terms of the expert witness's engagement, the number of hours the expert witness expended in preparing his or her opinion(s), any facts or assumptions provided by a Party and relied on by the expert witness, or any other aspect of the expert witness's report or opinions (including information, theories, methodologies, variables, or assumptions that the expert may or may not have considered in formulating her or his opinions or in preparing her or his report).

7. **No Waiver of Other Discovery.**  Except as expressly stated above, this Stipulation is not a waiver of or agreement to preclude, modify, or restrict any Party's rights to seek discovery of any matter relevant to such Party's claims or defenses.

8. **Objections.**  Nothing herein shall limit or waive any Party's right to object to the admission into evidence, in full or in part, of any opposing Party's expert witness report or opinion(s) or other materials, or to the qualification of any person to serve as an Expert.

9. **No Privilege Waiver.**  Nothing herein shall be deemed to waive any applicable privilege or protection or any objection to expert-related discovery not addressed herein.

10. **Amendment.**  This Stipulation may be amended only by a subsequent written stipulation among the Parties or upon order of the Court.

**SO STIPULATED AND AGREED.**

Dated: April 7, 2026
       New York, New York

QUINN EMANUEL URQUHART
  & SULLIVAN, LLP

*/s/ Blair A. Adams*
Blair A. Adams
Evan Hess
Mary Trainor
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
295 Fifth Avenue
New York, NY 10016-7103
(212) 849-7000
blairadams@quinnemanuel.com
evanhess@quinnemanuel.com
marytrainor@quinnemanuel.com

*Counsel for Plaintiff*

SULLIVAN & CROMWELL LLP

*/s/ Robert A. Sacks*
Robert A. Sacks
Jonathan S. Carter
Gulliver Brady
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
sacksr@sullcrom.com
carterjo@sullcrom.com
bradyg@sullcrom.com

*Counsel for Defendant*
  *JPMorgan Chase Bank, N.A.*

ROSENBERG & ESTIS, P.C.

*/s/ Brett B. Theis*
Brett B. Theis
Christopher A. Gorman
Joseph J. Kammerman
ROSENBERG & ESTIS, P.C.
733 Third Avenue
New York, New York 10017
Telephone: (212) 867-6000
btheis@rosenbergestis.com
cgorman@rosenbergestis.com
jkammerman@rosenbergestis.com

*Counsel for Defendant Meyer Chetrit*

**IT IS HEREBY SO ORDERED
ON THIS 9th DAY OF JULY, 2026**

_____
Hon. Dale E. Ho, U.S.D.J.