UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Wells Fargo Bank, National Association,<br>Plaintiff,<br><br>v.<br><br>JPMorgan Chase Bank, National Association, et al.,<br>Defendants. | 25-CV-1943 (DEH)<br><br><u>ORDER</u> |

DALE E. HO, United States District Judge:

On July 9, 2026, the Court held a conference on various pending discovery disputes in this case. *See* ECF Nos. 77, 80, 85, 94, and 95.

Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") has moved to add Brian Baker as a document custodian and to compel production of his documents. ECF No. 95. In light of the low threshold of relevance for purposes of discovery, *see John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014), and the absence of any record to support an objection as to the burden of production at this time, the Court **GRANTS** Wells Fargo's motion to compel for substantially the reasons set forth in Wells Fargo's letter motion, ECF No. 95.

Defendant JPMorgan Chase Bank, N.A. ("JPMorgan") has requested a protective order precluding the deposition of Brian Baker. ECF No. 94. The Court **DENIES** the request for a protective order, for substantially the reasons set forth in Plaintiff's opposition letter, ECF No. 97. As Wells Fargo argued in its letter and during the conference, information from Mr. Baker appears to be sufficiently relevant, including references in the existing production to a "Baker value analysis"—but no documents related to that analysis have been produced, and no witness has testified to having any knowledge pertaining to it. Assuming without deciding that the apex doctrine applies here, Wells Fargo has made a sufficient showing that Mr. Baker possesses relevant

and potentially unique knowledge such that "the plaintiff[] should be given a limited opportunity" to take a three-hour deposition of Mr. Baker. *Scott v. Chipotle Mexican Grill, Inc.*, 306 F.R.D. 120, 123-24 (S.D.N.Y. 2015).

JPMorgan has also moved to compel documents from Situs. The Court **GRANTS** the motion for substantially the reasons set forth in Defendant's letter motion, ECF No. 94. Although Wells Fargo contests the relevance of these documents, the Court finds that JPMorgan has met the low threshold of relevance for purposes of discovery. *See John Wiley & Sons, Inc.*, 298 F.R.D. at 186. The Court's ruling on the discoverability of these documents is without prejudice to further arguments with respect to the ultimate relevance of this information to the substantive merits, which may be addressed at a later stage of this litigation.

Within seven (7) days of this order, the parties shall file a status letter proposing a briefing schedule for pre-motion letters regarding summary judgment practice.

The Clerk of Court is respectfully directed to close ECF Nos. 77, 80, 85, 94, and 95.

SO ORDERED.

Dated: July 9, 2026
New York, New York

DALE E. HO
United States District Judge