July 17, 2026

**<u>VIA ECF</u>**
The Honorable Dale E. Ho
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 905
New York, NY 10007

Re:    *Wells Fargo Bank, Nat'l Ass'n v. JPMorgan Chase Bank, Nat'l Ass'n et al.*,
       Case No. 25-cv-01943 (S.D.N.Y.)
       (Related Case No. 23-cv-09972), Joint Letter Pursuant to ECF No. 100

Dear Judge Ho:

In accordance with the Court's July 10 Order (ECF No. 100), the parties in the above-referenced action jointly submit this letter to propose to the Court competing briefing schedules for pre-motion letters regarding summary judgment practice and to provide an update on the status of the discovery ordered in ECF No. 100.

As of July 17, Plaintiff has produced the documents subject to the Court's Order.  ECF No. 100.  JPMorgan has also provided Plaintiff with hit counts in Brian Baker's collected e-communications based on the search terms proposed by Plaintiff, and hopes to complete production of those documents within the next two weeks barring any unforeseen circumstances. JPMorgan is also working to find dates when Mr. Baker may be available for a three-hour deposition following production of his documents.  The deposition of Joseph Chetrit is scheduled to take place on July 21 and 22.

**<u>Plaintiff's Position</u>**

Plaintiff intends to move for summary judgment and proposes the following schedule for pre-motion letters, which Plaintiff has adjusted to accommodate pre-scheduled travel plans of Defendant Meyer Chetrit's counsel:

| Event | Deadline |
|---|---|
| Opening Pre-Motion Letters for Summary Judgment | July 31, 2026 |
| Response to Pre-Motion Letters for Summary Judgment | August 7, 2026 |

The delay of pre-motion letters that JPMorgan requests is not warranted.  By next Wednesday, July 22, discovery will be complete with the exception of the Brian Baker documents and deposition.  Having refused to produce Mr. Baker's documents or have him sit for his deposition on the basis that evidence from Mr. Baker is not relevant to this proceeding, JPMorgan now takes the position that pre-motion letters on summary judgment should be delayed until it completes that discovery.  Plaintiff, the party seeking Mr. Baker's discovery, is prepared to submit pre-motion letters without waiting for that remaining discovery to be completed, and can address any

additional evidence gathered from Mr. Baker and his documents in the summary judgment motions themselves.[1] JPMorgan should not be able to use its own improper refusal to produce discovery as a basis for indefinitely delaying submission of the pre-motion letters. With respect to the time for responding to the pre-motion letters, one week is more than enough time to prepare a three-page response letter and Plaintiff has already agreed to extend the schedule for initial submissions to accommodate Defendants' schedules. Plaintiff respectfully requests that the Court enter the schedule for pre-motion letters proposed by Plaintiff.

**Defendants' Position**

The Defendants submit that the most reasonable path forward for summary judgment is for pre-motion letters to be due 14 days following the completion of fact discovery, so that the parties may prepare letters for the Court based on the complete factual record. Responses to any pre-motion letters should be due 14 days thereafter. Plaintiff's purported justifications for seeking an expedited schedule for pre-motion letters are meritless. This will not put summary judgment briefing off indefinitely, as Plaintiff suggests. As stated above, the additional discovery should be completed in short order. And the fact that Plaintiff seeks the forthcoming discovery does not mean Defendants will not rely on it as well. Plaintiff cannot simultaneously argue that Mr. Baker's documents and testimony are so important that they warranted moving the Court to compel production, and that those same documents and testimony are not material to any motion for summary judgment. If the Court is inclined to accept Plaintiff's proposed date for opening pre-motion letters, Defendants respectfully ask that the date for responses be moved to August 14 to allow two weeks for response letters.

---

[1] JPMorgan wrongly contends that Plaintiff's desire to move ahead with its summary judgment motion now is somehow an admission that Mr. Baker's documents and testimony are not "material," when in reality Plaintiff could never fit the mountain of evidence showing JPMorgan's liability into a three-page pre-motion letter. The pre-motion letter process is not intended as a comprehensive catalogue of the parties' evidence, and Defendants do not contend that they are unable to articulate their position without completing this last remaining piece of discovery.

Respectfully Submitted,

| | |
|---|---|
| */s/ Blair A. Adams* | */s/ Robert A. Sacks* |
| Blair A. Adams | Robert A. Sacks |
| Evan Hess | Jonathan S. Carter |
| Mary Trainor | Gulliver Brady |
| QUINN EMANUEL URQUHART | SULLIVAN & CROMWELL LLP |
| & SULLIVAN, LLP | 125 Broad Street |
| 295 Fifth Avenue | New York, New York 10014 |
| New York, NY 10016-7103 | (212) 558-4000 |
| (212) 849-7000 | sacksr@sullcrom.com |
| blairadams@quinnemanuel.com | carterjo@sullcrom.com |
| evanhess@quinnemanuel.com | bradyg@sullcrom.com |
| marytrainor@quinnemanuel.com | |

*Counsel for Plaintiff*

*Counsel for Defendant
  JPMorgan Chase Bank, N.A.*

*/s/ Joseph J. Kammerman*
Brett B. Theis
Christopher A. Gorman
Joseph J. Kammerman
ROSENBERG & ESTIS, P.C.
733 Third Avenue
New York, NY 10017
(212) 867-6000
btheis@rosenbergestis.com
cgorman@rosenbergestis.com
jkammerman@rosenbergestis.com

*Counsel for Defendant Meyer Chetrit*

3